UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
NAKUL KARKARE, M.D.
*Attorney-in-Fact on Behalf of Patient JS*,

Plaintiff,

v.

ESTEE LAUDER COMPANIES, INC.,

Defendant.
---------------------------------------------------------------X

**MEMORANDUM AND ORDER**
22-CV-3835-SJB-ST

**BULSARA, United States District Judge:**

Plaintiff Nakul Karkare, M.D. filed this action against the Estée Lauder Companies Inc. ("Estée Lauder"), seeking to recover unpaid benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), for a surgery performed on patient JS by another surgeon at AA Medical, P.C., where Karkare practices. Estée Lauder moves to dismiss Karkare's Complaint for lack of standing. (Def.'s Mot. to Dismiss dated Sep. 15, 2025 ("Def.'s Mot."), Dkt. No. 32). For the reasons explained below, the motion is granted.

## LEGAL STANDARD

"A motion to dismiss an action under [Rule 12(b)(1)] raises the fundamental question of whether the federal district court has subject matter jurisdiction over the action before it[.]" 5B Charles Alan Wright & Arthur R. Miller et al., Federal Practice and Procedure § 1350 (4th ed.). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction."

*Collins v. United States*, 996 F.3d 102, 105 n.1 (2d Cir. 2021) (quotation omitted). "[T]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence, and [w]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *Allco Fin. Ltd. v. Roisman*, No. 22-2726, 2023 WL 4571965, at *1 (2d Cir. July 18, 2023) (quotations omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) (quotation omitted), *aff'd*, 568 U.S. 85 (2013).

"A federal court lacks subject matter jurisdiction—and therefore cannot consider a lawsuit's merits—unless three constitutional standing requirements are met." *Salazar v. Nat'l Basketball Ass'n,* 118 F.4th 533, 540 (2d Cir. 2024). "[A] plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). "'[T]he party invoking federal jurisdiction' . . . bears the burden of establishing Article III standing." *Salazar*, 118 F.4th at 541 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "To survive a motion to dismiss based on Rule 12(b)(1), the complaint's factual allegations of standing must be plausible and nonconclusory, and the plaintiff must clearly allege facts in his complaint demonstrating each element of standing." *Banco San Juan Internacional, Inc. v. Fed. Rsrv. Bank of N.Y.*, 176 F.4th 163, 184 (2d Cir. 2026) (quotation omitted).

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Karkare, a surgeon practicing with AA Medical, commenced this action against Estée Lauder as "Attorney-in-Fact on Behalf of Patient JS." (Compl. dated June 30, 2022, Dkt. No. 1 ¶ 10). On January 12, 2022, JS was seen by another surgeon affiliated with AA Medical, Vedant Vaksha M.D., at the North Shore Surgi-Center in Smithtown. (*Id.* ¶ 4). JS was diagnosed with a meniscus tear, and Dr. Vaksha performed surgery on his right knee. (*Id.*).

After the surgery, AA Medical submitted an invoice to Estée Lauder's claims administrator for a total amount of $ 163,872.01. (*Id.* ¶ 5). Estée Lauder only paid $ 497.62, leaving an unreimbursed amount of $ 163,374.39, which is the responsibility of patient JS. (*Id.*). Karkare appealed the under-reimbursement to Estée Lauder's claims administrator, who responded with adverse benefit determinations and declined to provide additional payments. (*See id.* ¶ 17).

Karkare asserts that Estée Lauder violated ERISA when it "under-reimbursed Plaintiff for the surgery provided to the Patient by AA Medical," and seeks to recover "unpaid benefits and statutory interest back to the dates AA Medical's claims were originally submitted to [Estée Lauder]." (Compl. ¶¶ 27, 32).[1]

Estée Lauder initially moved to dismiss Karkare's Complaint in January 2023,

[1] When Karkare commenced this action, he was represented by counsel. Karkare's counsel filed a motion to withdraw on June 15, 2023, (Mot. to Withdraw as Att'y, Dkt. No. 16), and was terminated on September 19, 2023, (Order dated Sep. 19, 2023). Since then, Karkare has proceeded pro se.

following a premotion conference with Judge Azrack.[2] (*See* Def.'s Mot. to Dismiss dated Jan. 3, 2023, Dkt. No. 14-1; Min. Entry dated Nov. 2, 2022, Dkt. No. 12). However, on September 29, 2023, Judge Azrack terminated Estée Lauder's motion without prejudice and stayed the case in light of Karkare's pending appeal before the Second Circuit in a nearly identical case. (Order dated Sep. 29, 2023).

On June 17, 2025, Estée Lauder informed the Court that Karkare's appeal had been decided on June 9, 2025, and asked for reinstatement of its motion to dismiss. (Notice of Suppl. Authority & Req. to Reinstate Mot. to Dismiss, Dkt. No. 24 (citing *Karkare ex rel. JN v. Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Iron Workers Loc. 580*, 140 F.4th 60 (2d Cir. 2025)). The Court lifted the stay, but denied to reinstate the prior motion, and directed the parties to file new briefs. (Order dated June 23, 2025). On October 20, 2025, Estée Lauder filed its motion to dismiss, which Karkare did not oppose. (Def.'s Mot.). For the reasons explained below, the motion is granted.

## DISCUSSION

To maintain an ERISA action, a plaintiff "must 'assert a constitutionally sufficient injury arising from the breach of a statutorily imposed duty *and* identify a statutory endorsement of the action.'" *Karkare*, 140 F.4th at 64 (quoting *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 359 (2d Cir. 2016)).

The Court begins, as it must, "with the threshold question of whether Karkare has standing under Article III to bring this case." *Id.* To satisfy the "injury in fact" requirement, "a plaintiff must have personally suffered an injury." *Id.* (quoting *W.R.*

---

[2] This case was transferred to the undersigned from the Honorable Joan M. Azrack on January 31, 2025.

*Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 107 (2d Cir. 2008)). "The injury . . . must be particularized; [it] must affect the plaintiff in a personal and individual way[.]" *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024) (quotation omitted).

In *Karkare*, Karkare brought a complaint materially indistinguishable from the Complaint here. There, he brought an action against a union, seeking to recover unpaid benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B), on behalf of a different patient who had surgery performed by Dr. Vaksha to repair a meniscus tear in his knee. *Karkare*, 140 F.4th at 62. Karkare similarly alleged that he was bringing the action as attorney-in-fact on behalf of the patient, pursuant to a power of attorney. *Id.* at 63; (*see* Compl. ¶¶ 10, 25). Karkare "d[id] not argue that he ha[d] suffered any direct injury as a result of the Union's alleged breach of Patient JN's plan" and the Second Circuit noted that he could not do so, "since the complaint allege[d] that another physician treated Patient JN on behalf of a corporate entity, AA Medical, that was the party entitled to the outstanding treatment fees." *Karkare*, 140 F.4th at 65. Rather, Karkare's "theory of constitutional standing appear[ed] to be that he [was] suing purely in a representative capacity on behalf of Patient JN—for injuries purportedly suffered by Patient JN—pursuant to a power of attorney." *Id.*

Based on the allegations in the complaint, the Second Circuit concluded that Karkare was "in fact suing in his own name and for his own benefit" and he therefore lacked constitutional standing to maintain the action, notwithstanding the power of attorney. *Id.* Distinguishing between a power of attorney delegation and an

assignment of claims, the court stated, "a power of attorney does not confer Article III standing on the attorney-in-fact to file suit in the attorney-in-fact's own name, even if the suit is purportedly brought on behalf of the grantor of the power-of-attorney." *Id.* Unlike an assignment of claims, which "transfers legal title or ownership of those claims" to the assignee, "[a] power of attorney does not transfer an ownership interest in [a] claim." *Id.* (quotations omitted). It therefore cannot satisfy the "minimum requirement for an injury-in-fact" which "is that the plaintiff have legal title to, or a proprietary interest in, the claim." *Id.* (quotations omitted).

Because the Complaint here is materially indistinguishable from the complaint filed in *Karkare*, the Court concludes Karkare lacks Article III standing. Just as in *Karkare*, the Complaint "indicates that Karkare is suing in his own name, not that of Patient [JS]." 140 F.4th at 66. Karkare refers to himself as the Plaintiff, (*see* Compl. at 1, ¶¶ 25, 27), refers to Plaintiff and AA Medical interchangeably, (*see id.* ¶ 5 ("AA medical submitted an invoice . . . to [Estée Lauder's] claims administrator"; *id.* ¶ 19 ("[Estée Lauder] under-reimbursed Plaintiff's claims")), and refers to JS not as a party but only as "the Patient," (*e.g.*, *id.* ¶¶ 4, 12, 25). And Karkare seeks relief for himself, as Plaintiff, not Patient JS. (*Id.* ¶ 32 ("Plaintiff seeks unpaid benefits and statutory interest back to the dates AA Medical's claims were originally submitted to Defendant."); *id.* at 6 (seeking judgment "[o]rdering Defendant to recalculate and issue unpaid benefits to Plaintiff")). As in *Karkare*, the Complaint demonstrates that "Karkare brought this ERISA suit in his own name and for his own benefit (or that of AA Medical)" and not Patient JS, "the patient and party for whom he purports to act." 140 F.4th at 66. He

therefore lacks Article III standing, and the Court lacks subject matter jurisdiction over his claims.[3]

## CONCLUSION

For the reasons explained above, Karkare's Complaint is dismissed without prejudice.[4] *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54 (2d Cir. 2016) ("[W]here a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice[.]"). The Clerk of Court is directed to close this case.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date: September 9, 2026
Central Islip, New York

---

[3] The Court does not reach Estée Lauder's arguments regarding the validity of Karkare's power of attorney, (Def.'s Mot. at 14–17), which are immaterial to Karkare's Article III standing, since Karkare cannot rely upon a power of attorney to bring his own claim. *Karkare*, 140 F.4th at 65.

[4] The Second Circuit remanded *Karkare* "to permit Patient JN to move to be substituted into the action or to otherwise submit an amended complaint that properly asserts the ERISA claim on behalf of Patient JN." 140 F.4th at 67. Here, Karkare has had ample time to seek substitution or leave to amend and has not done so. The Court therefore declines to afford Karkare additional time to cure these defects.